# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Rita Williams Anderson, | ) | Civil Action No. 9:14-cv-00832-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Rita Williams Anderson ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bristow Marchant, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 14.) On March 25, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Id. at 17.) Plaintiff timely filed objections to the Report, which objections are currently before the court. (ECF No. 16.) For the reasons set forth below, the court **ACCEPTS** the Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's Report contains a thorough recitation of the relevant factual and procedural background of this matter. (See ECF No. 14 at 3–8.) The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate,

and the court adopts this summary as its own. The court will only reference herein background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on September 20, 1962, and is presently 53 years old. (ECF No. 7-5 at 2.) She filed an application for DIB on January 26, 2011, alleging disability since May 1, 2010[1], due to lower back surgery complications, knee surgery complications, depression, anxiety, diabetes, high blood pressure, diverticulitis, high cholesterol, recurrent headaches, gastroesophageal reflux disease, diabetic neuropathy, muscle spasms, degenerative spine disease, rheumatoid arthritis, and nerve damage. (Id.; see also ECF No. 7-6 at 3.) Plaintiff's application was denied initially on May 27, 2011, and upon reconsideration on August 1, 2011. (ECF No. 7-4 at 2 & 7.) As a result, Plaintiff requested an administrative hearing on September 1, 2011. (Id. at 11.) On June 22, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), Ronald Sweeda, who found on June 28, 2012, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because she had the residual functional capacity "for a full range of sedentary work." (ECF No. 7-2 at 35 & 42.) Thereafter, the Appeals Council granted Plaintiff's request for review (id. at 13) on January 6, 2013, and found on June 11, 2014, that Plaintiff was not under a "'disability' from May 1, 2010 through June 30, 2011." (Id. at 6.) The Appeals Council decision served as the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on March 11, 2014, Plaintiff commenced an action in the United

---

[1] The Magistrate Judge observed that "Plaintiff previously filed for DIB on June 8, 2007, alleging disability beginning May 25, 2006." (ECF No. 14 at 1 n.1.) Moreover, "[i]n a decision dated April 30, 2010, Administrative Law Judge Richard L. Vogel found that Plaintiff had the RFC to perform the full range of sedentary work and that, pursuant to the Medical-Vocational Guidelines, Plaintiff was not disabled." (Id. (citing ECF No. 7-3 at 5–12).) The Magistrate Judge further observed that Judge Vogel's "decision is binding on this Court, and therefore Plaintiff may not be considered for disability prior to the disability date she now claims, May 1, 2010." (Id. (citations omitted).)

States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB.  (ECF No. 1.)  On March 25, 2015, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed.  (ECF No. 14.)  Plaintiff filed timely Objections to the Magistrate Judge's Report on April 13, 2015.  (ECF No. 16.)  The Commissioner filed a Response to Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Marchant on April 17, 2015.  (ECF No. 17.)

## II.    LEGAL STANDARD

A.    <u>The Magistrate Judge's Report</u>

The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  <u>See</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error.  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  <u>See</u> 28 U.S.C. § 636(b)(1).

B.    <u>Judicial Review of the Commissioner</u>

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the

3

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Id. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

### III.    ANALYSIS

A.    The Magistrate Judge's Review

Upon his review, the Magistrate Judge observed that the ALJ supported his finding that Plaintiff was able to perform sedentary work by giving proper consideration to "Plaintiff's testimony at the hearing, the medical record, and Plaintiff's activities of daily living" (Id. at 9 (citing ECF No. 7-2 at 30–33).) In this regard, the Magistrate Judge found persuasive the ALJ's conclusions that "Plaintiff's subjective complaints and limitations appeared to be exaggerated in regard to her condition . . . [and] physical examinations through Plaintiff's date last insured were essentially unremarkable and did not show any significant worsening of Plaintiff's condition." (ECF No. 14 at 10–11.) Moreover, the Magistrate Judge found support for the ALJ's decision in

4

Plaintiff's testimony regarding her "activities of daily living," which evidence failed "to show that Plaintiff was incapable of sedentary work activity." (Id. at 12 (citing ECF Nos. 7-2 at 46, 55–56 & 7-6 at 38–42).)

In evaluating the ALJ's decision to assign less than controlling weight to the opinion of Plaintiff's primary care physician (see ECF No. 7-2 at 33), Dr. Brian N. Anderson, M.D. ("Dr. Anderson"), the Magistrate Judge concluded that "the ALJ considered Dr. Anderson's opinion and properly discounted it" for several reasons. (ECF No. 14 at 14.) First, the Magistrate Judge observed that when Dr. Anderson opined that Plaintiff was "totally disabled" (see ECF No. 7-7 at 134) on June 21, 2012, his opinion was not dispositive because the "determination whether an individual is 'disabled' or 'unable to work' is reserved to the Commissioner, and statements that a claimant is disabled are therefore not given any special significance as to the issue of disability." (ECF No. 14 at 14 (citing Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (physician opinion that a claimant is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"); 20 C.F.R. § 404.1527(d)(1) ("a statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled")).) Next, the Magistrate Judge agreed with the ALJ's weighing of Dr. Anderson's opinion because of the examples in the record wherein Plaintiff's own reporting of the extent of her limitations contradicted Dr. Anderson's limitations. (Id. at 14–15 (citing ECF Nos. 7-2 at 33, 50–51 & 7-6 at 42).) Finally, the Magistrate Judge asserted that the "ALJ properly discounted Dr. Anderson's opinion because it was inconsistent with his own treatment notes, 'which reveal few objective findings on examination along with relatively infrequent, routine, and conservative treatment.'" (Id. at 15 (citing ECF Nos. 7-2 at 33 & 7-7 at 11, 14–15, 17–18, 57, 59, 61, 64, 107, 111, 116–

5

17).)

Based upon the foregoing, the Magistrate Judge concluded that "the medical record and other evidence provide[] substantial evidence to support the ALJ's findings as to the extent of Plaintiff's limitations, and . . . [the Magistrate Judge did not find] reversible error in the ALJ's treatment of this evidence." (Id. at 16.) Accordingly, the Magistrate Judge recommended that the court find that substantial evidence supported "the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period." (Id. at 17.)

B.     Plaintiff's Objections and the Commissioner's Response

Objections to the magistrate judge's report and recommendation must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

As to her first objection, Plaintiff asserts that "[t]he ALJ's decision grossly overestimates . . . [Plaintiff's] level of functioning and is quite selective in choosing those medical records to which significant weight was afforded." (ECF No. 16 at 2.) As a result, Plaintiff argues that "the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency" are not entitled to affirmation. (Id. at 3.)

Plaintiff's second objection is to the ALJ's assessment of weight accorded the opinion of Plaintiff's treating physician, Dr. Anderson. (Id.) In this regard, Plaintiff argues that "there does not exist persuasive contradictory evidence to rebut the opinion of Dr. Brian Anderson that . . .

6

[Plaintiff] is disabled." (Id.)

In response to Plaintiff's objections, the Commissioner asserts that Plaintiff's arguments are meritless and "rehash the exact same arguments that she raised in her opening brief and the Magistrate Judge correctly rejected." (ECF No. 17 at 1.) Accordingly, the Commissioner prays that the court adopt the Report in its entirety and affirm the Commissioner's final decision that Plaintiff was not disabled within the meaning of the SSA. (Id. at 1–2.)

C.    The Court's Ruling

In her Objections, Plaintiff merely rehashes arguments that have been properly considered and rejected by the Magistrate Judge. (See ECF Nos. 10 at 4–5 & 12 at 4.) In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315. Upon review, the court does not find clear error in the Report and agrees with the Magistrate Judge that substantial evidence supports the decision of the Commissioner that Plaintiff was not disabled within the meaning of the SSA during the relevant time period.

## IV.    CONCLUSION

Upon careful consideration of the entire record, the court **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 24, 2015
Columbia, South Carolina